Keith M. Aurzada (SBN 24009880)
Michael P. Cooley (SBN 24034388)
Lindsey L. Robin (SBN 24091422)
BRYAN CAVE LEIGHTON PAISNER LLP
2220 Ross Avenue, Suite 3300
Dallas, TX 75201
T: 214.721.8000
F: 214.721.8100

*Counsel for Sublette County Treasurer*

## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Vanguard Natural Resources, LLC, et al., | § | Case No. 17-30560 |
| | § | |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |
| Vanguard Operating, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adv. Proc. No. 18-03244 |
| | § | |
| Sublette County Treasurer, Wyoming | § | |
| | § | |
| Defendant. | § | |

### SUBLETTE COUNTY TREASURER'S 12(b)(6) MOTION TO DISMISS

The Treasurer for Sublette County, Wyoming (the "**Defendant**") files this motion (the "**Motion**") under Rule 12(b)(6) of the Federal Rules of Civil Procedure seeking to dismiss the preferential transfer claim under 11 U.S.C. § 547(b) (the "**547(b) Claim**") brought by the reorganized debtor Vanguard Operating, LLC (the "**Reorganized Debtor**") in its Complaint against Defendant [Docket No. 1] (the "**Complaint**"). In support of this Motion, the Defendant would respectfully show the Court as follows:

## JURISDICTION AND VENUE

1.      Defendant believes this Court has subject matter jurisdiction for the purposes of this Motion. However, should the Court grant this Motion, it is Defendant's position that this Court will no longer have subject matter jurisdiction over the remaining claims.

## BACKGROUND[1]

2.      The debtors in the underlying proceeding, including the Reorganized Debtor (the "**Debtors**") filed voluntary petitions under chapter 11 on February 1, 2017 (the "**Petition Date**").

3.      Prior to filing their petition, the Debtors received an invoice from Sublette County for ad valorem taxes. Debtors failed to pay this tax when it was due on December 31, 2016, but ultimately paid the first-half of those taxes (the "**Tax Payment**") by January 31, 2017, the day before filing for bankruptcy.

4.      The date for governmental units to file claims was July 31, 2017 (the "**Government Bar Date**").

5.      The Reorganized Debtor brought this suit against the Treasurer of Sublette County seeking to recover the Tax Payment made to Sublette County.

## LEGAL STANDARDS

6.      A Rule 12(b)(6) motion tests the sufficiency of a complaint's allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  To defeat a motion to dismiss filed pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *Reliable Consultants, Inc. v. Earle,* 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.,* 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted).

7.      While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation

---

[1] For purposes of this Motion, the facts alleged in the Complaint are taken as true. Defendant reserves its rights to dispute such facts in the future.

marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal,* 556 U.S. at 679.

8.      In ruling on such a motion, the court generally cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999). But the pleadings include both the complaint and any documents attached to or referenced in it. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498-99 (5th Cir. 2000). Therefore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff s] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.,* 987 F.2d 429, 431 (7th Cir. 1993)).

9.      The ultimate question in a Rule 12(b)(6) motion therefore is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter,* 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *See R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).

10.     As discussed more fully below, after discounting the Reorganized Debtor's conclusory allegations and legal conclusions, the allegations in the Complaint fail to state a plausible claim against the Defendant for the avoidance and recovery of a preferential transfer under 11 U.S.C. § 547(b).  The claim should therefore be dismissed.

## ARGUMENTS AND AUTHORITIES

### A.      The Reorganized Debtor fails to state a claim under 11 U.S.C. § 547(b)

11.     The facts alleged in the Complaint do not support a plausible inference that the Tax Payment is avoidable as a preference under section 547.

12.     To avoid a transfer under Section 547, the transfer must be: "(1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made (A) on or within 90 days before the date of the filing of the petition;…and (5) that enables such creditor to receive more than such creditor would receive if (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title." 11 U.S.C. § 547(b).

13. The Reorganized Debtor failed to state a *prima facie* case under Section 547 that the Tax Payment is avoidable because it does not adequately allege the taxes are an antecedent debt.

14. One of the five elemental requirements for a preferential transfer is that the transfer has been made on account of an antecedent debt. 11 U.S.C. § 547(b) (2). For purposes of determining whether a tax debt is an "antecedent debt," "[a] debt for a tax is incurred on the day when such tax is last payable *without penalty*." 11 U.S.C. § 547(a)(4).

15. The taxes paid by the late Tax Payment incurred interest but did not incur a penalty under the Wyoming regulatory scheme. Wyo. Stat. § 39-13-103; Wyo. Stat. §§ 39-14-201 *et seq*. Pursuant to the Wyoming statute, the taxes incurred interest when they became delinquent. Wyo. Stat. § 39-14-208(c). Section (d) of that statute mandates the application of penalties, but does *not* impose a penalty for late-paid taxes. Wyo. Stat. § 39-14-208(c). The statute specifically contemplates the possibility of both penalties and, separately, interest, but provides only for the application of interest (and not a penalty) to a late tax payment.

16. Nor is interest incurred by the late Tax Payment a penalty under the Bankruptcy Code. *See Matter of Hardee,* 137 F.3d 337, 342 (5th Cir. 1998) (determined increased interest is interest and not a penalty based on the following factors: "(1) the language of the provision, (2) the form of the sanctions, (3) the confiscatory nature of the sanction, and (4) the legislative history of the provision") citing to *United States v. Childs*, 266 U.S. 304, 307, 45 S.Ct. 110, 111, 69 L.Ed. 299 (1924), ("A penalty is a means of punishment; interest a means of compensation."); *Meilink v. Unemployment Reserves Comm'n,* 314 U.S. 564, 570, 62 S.Ct. 389, 392, 86 L.Ed. 458 (1942) ("defining penalty as a fixed ad valorem amount taking no account of time, and interest [as depending] on time"); *In re Egbo*, 551 B.R. 869, 876 (D. Or. 2016) (interest not a penalty where the statute provided for interest calculated based on time and had a separate subsection imposing penalties).

17. Because interest, and no *penalty*, was applied to the late Tax Payment, the Debtors did not incur the tax debt prior to the Petition Date. *In re Waring*, 491 B.R. 324, 331 (Bankr. E.D. N.Y. 2013) (late tax payment was not on account of an antecedent debt because payment was made before the debtors would have incurred a penalty); *Baehr v. IRS Ctr.,* 92 B.R. 616, 624 (Bankr. E.D. Pa. 1988) ("§ 547(a)(4) established, beyond question, that the date when penalties are imposed upon the debtor as taxpayer is the date when tax payments are due, irrespective of the date when tax returns must be filed."); *In re Pullman Constr. Indus.,* 190 B.R. 618, 622–23 (Bankr. N.D. Ill. 1996), *aff'd,* 210 B.R. 302, 306–07 (N.D.Ill.1997) ("[f]or preference purposes under § 547(a)(4), ... the relevant date is when a party is exposed to penalties regardless of the date the return is actually due.").

18.     Because the Reorganized Debtor fails to state facts that support the existence of an antecedent debt, its 547(b) Claim should be dismissed.

**B.     The Reorganized Debtor fails to state a claim under 11 U.S.C. § 550**

19.     Because the Reorganized Debtor's 547(b) Claim fails, its 550 Claim necessarily fails as well. Section 550 is a remedies statute that allows a debtor to recover a transfer avoided, for example, under Section 547. 11 U.S.C. § 550(a).

20.     Because the Reorganized Debtor failed to adequately plead a claim for relief under 11 U.S.C. § 547(b), there can be no preferential transfer to recover under Section 550.  Accordingly, the 550 Claim must be dismissed.

## <u>CONCLUSION & PRAYER</u>

21.     As set forth above, the Reorganized Debtor has failed to plead claims that are viable or with the requisite specificity, and has otherwise failed to provide more than labels, conclusions, and a formulaic recitation of the elements for its causes of action under Sections 547(b) and 550.  Accordingly, the Defendant respectfully requests this Court dismiss the Reorganized Debtor's claims under Section 547(b) and 550.

Dated:  October 19, 2018.                    Respectfully submitted,


By: */s/ Keith M. Aurzada*
     Keith M. Aurzada (SBN 24009880)
     Michael P. Cooley (SBN 24034388)
     Lindsey L. Robin (SBN 24091422)
     BRYAN CAVE LEIGHTON PAISNER LLP
     2220 Ross Avenue, Suite 3300
     Dallas, TX  75201
     T: 214.721.8000
     F: 214.721.8100
     keith.aurzada@bclplaw.com
     michael.cooley@bclplaw.com
     lindsey.robin@bclplaw.com

     *Counsel for Sublette County Treasurer*

## **CERTIFICATE OF CONFERENCE**

I certify that on October 19, 2018, a true and correct copy of the foregoing document was served on all counsel of record via the court's electronic filing system.

James T. Grogan
BLANK ROME
717 Texas Avenue, Suite 1400
Houston, TX 77002
T:  713.632.8652
F:  713.583.5864
jgrogan@blankrome.com

*Counsel for Plaintiff Vanguard Operating, LLC*

 */s/  Keith M. Aurzada*
Keith M. Aurzada