## **EXHIBIT B**

**Monroe Declaration**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: <br><br> VANGUARD NATURAL RESOURCES, LLC, *et al.*, <br><br> Reorganized Debtors. | § § § § § § § § § | Chapter 11 <br><br> Case No. 17-30560 <br><br> (Jointly Administered) |
| VANGUARD OPERATING, LLC, <br><br> Plaintiff, <br> v. <br><br> SUBLETTE COUNTY TREASURER, Wyoming <br> NATRONA COUNTY TREASURER, Wyoming <br> BOARD OF CAMPBELL COUNTY COMMISSIONERS, solely in its official capacity <br> JOHNSON COUNTY TREASURER, Wyoming <br> CARBON COUNTY TREASURER, Wyoming <br> PARK COUNTY TREASURER, Wyoming <br> SWEETWATER COUNTY TREASURER, Wyoming <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | <br><br><br><br><br><br> Adversary Pro. No. 18-03244 <br> Adversary Pro. No. 18-03245 <br> Adversary Pro. No. 18-03246 <br><br> Adversary Pro. No. 18-03247 <br> Adversary Pro. No. 18-03248 <br> Adversary Pro. No. 18-03249 <br> Adversary Pro. No. 18-03250 |

### DECLARATION OF JOHN D. MONROE
### IN SUPPORT OF PLAINTIFF'S OMNIBUS RESPONSE IN OPPOSITION TO
### DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

I, John Monroe, of full age, being duly sworn according to law hereby declare:

1. I am the Tax Compliance Manager of Vanguard Operating, LLC ("Vanguard"), and am authorized to make this affidavit in support of *Plaintiff's Omnibus Response in Opposition to Defendants' Motions for Summary Judgment* based upon my personal knowledge of the matters referred to, and the records of Vanguard relating to its relationships with the following counties in the State of Wyoming: Campbell, Johnson, Sublette, Carbon, Natrona, Park, and Sweetwater (the

"Wyoming Counties"), which have been routinely and contemporaneously maintained in the usual course of Vanguard's business. In addition, this affidavit was prepared with the assistance of agents, employees, representatives and/or others with relevant information, upon which I have relied. All facts set forth in this Declaration are based on my personal knowledge and my review of relevant documents. If I were called upon to testify, I could and would testify to each of the facts set forth herein.[1]

2. Vanguard received invoices for first-half installments of 2016 Ad Valorem Taxes from the following counties in the State of Wyoming: Campbell, Johnson, Sublette, Carbon, Natrona, Park, and Sweetwater.

3. These invoices include the following statement, or a similar statement: "interest at the rate of 18.0% per annum will be added to all delinquent taxes as per Wyoming Statute 39-13-108."

4. Vanguard did not pay the first-half installments of the 2016 Ad Valorem Taxes by November 10, 2016, and the taxes became delinquent.

5. This 18.0% per annum interest rate presented a stiff penalty for Vanguard because it was so high that it exceeded Vanguard's borrowing rate from any source, even as a distressed company.[2]

6. For the sake of Vanguard's financial health, we sought to avoid further accrual of this 18.0% per annum interest rate penalty on our outstanding tax payments. We made ad valorem tax payments to certain Wyoming Counties in late January 2017 and to other Wyoming Counties

---

[1] Initially capitalized terms used, but not defined herein shall have the meanings ascribed thereto in *Plaintiff's Omnibus Response in Opposition to Defendants' Motions for Summary Judgment.*

[2] To illustrate this point, I am aware that Vanguard entered into a debtor-in-possession financing facility during its chapter 11 case which permitted Vanguard to borrow new money at the prime rate plus 4.5% per annum interest. At the time of the Petition Date, this was approximately 8.25%. See Docket No. 10.

in early- to mid-February 2017. We paid the ad valorem tax invoices issued by Campbell County, Johnson County, and Sublette County in late January 2017 via wire and were in the process of paying the other Wyoming Counties via check because they would not accept wire payments. The processing of the check payments took longer than the wire payments. The wire payments cleared on January 31, 2017. The checks eventually issued after Vanguard filed for bankruptcy on February 1, 2017.

7. Subsequently, the Wyoming Counties invoiced Vanguard for 2017 Ad Valorem Taxes on or about the dates listed below. On or about November 10, 2017, Plaintiff paid the Wyoming Counties' invoices for 2017 Ad Valorem Taxes as follows:

| **Defendant** | **Invoice Date** | **Payment Amount** |
|---|---|---|
| Campbell County Commissioners | September 15, 2017 | $178,665.03 |
| Carbon County | October 9, 2017 | $163,655.12 |
| Johnson County | September 11, 2017 | $254,916.04 |
| Natrona County | October 2, 2017 | $330,058.54 |
| Park County | October 2, 2017 | $879,873.80 |
| Sweetwater County | September 5, 2017 | $332,144.79 |

8. When we paid these ad valorem tax invoices, my colleagues and I did not realize that the invoices were issued in violation and contravention of the terms of the Reorganized Debtors' confirmed Plan made effective on August 1, 2017. One of the reasons we paid the invoices was to avoid the imposition of the onerous interest penalty for late payments.

*[Remainder of page intentionally left blank.]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: March 14, 2019                              Respectfully submitted,

*/s/ John C. Monroe*
John C. Monroe
Tax Compliance Manager
Vanguard Natural Resources, Inc.

4