

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
01/21/2021

| | | |
|---|---|---|
| IN RE: § <br> VANGUARD NATURAL RESOURCES, LLC, § <br> Debtor. § <br> § | | CASE NO: 17-30560 <br><br> CHAPTER 11 |
| **VANGUARD OPERATING, LLC,** § <br>       Plaintiff, § <br> § <br> VS. § <br> § <br> **SUBLETTE COUNTY TREASURER,** § <br> **WYOMING,** § <br>       Defendant. § | | **ADVERSARY NO. 18-3244** |
| **VANGUARD OPERATING, LLC,** § <br>       Plaintiff, § <br> § <br> VS. § <br> § <br> **NATRONA COUNTY TREASURER,** § <br> **WYOMING** § <br>       Defendant. § | | **ADVERSARY NO. 18-3245** |
| **VANGUARD OPERATING, LLC,** § <br>       Plaintiff, § <br> § <br> VS. § <br> § <br> **CAMPBELL COUNTY TREASURER** § <br> Defendant. § | | **ADVERSARY NO. 18-3246** |
| **VANGUARD OPERATING, LLC,** § <br>       Plaintiff, § <br> § <br> VS. § <br> § <br> **JOHNSON COUNTY TREASURER,** § <br> **WYOMING** § <br>       Defendant. § | | **ADVERSARY NO. 18-3247** |
| **VANGUARD OPERATING, LLC,** § <br>       Plaintiff, § <br> § <br> VS. § <br> § <br> **CARBON COUNTY TREASURER,** § <br> **WYOMING** § | | **ADVERSARY NO. 18-3248** |

|  |  |
|---|---|
| Defendant. § § | |
| **VANGUARD OPERATING, LLC,** § Plaintiff, § § | |
| VS. § § | **ADVERSARY NO. 18-3249** |
| **PARK COUNTY TREASURER, WYOMING** § § § Defendant. § § | |
| **VANGUARD OPERATING, LLC,** § Plaintiff, § § | |
| VS. § § | **ADVERSARY NO. 18-3250** |
| **SWEETWATER COUNTY TREASURER, WYOMING** § § § Defendant. § | |

## ORDER

For the reasons set forth in the Amended Memorandum Opinion issued on this date:

(1) The January 2017 payments to Sublette, Johnson, and Campbell Counties were made on account of antecedent debts within the meaning of 11 U.S.C. § 547(a)(4), (b)(2);

(2) Summary judgment on the following claims is denied: (i) Vanguard's improper plan distribution claims ("Count I"), (ii) Vanguard's disgorgement claims ("Count III"); (iii) Vanguard's unjust enrichment claims ("Count IV"); and (iv) Vanguard's preferential transfer claims; (v) the Counties' counterclaims for the allowance of late filed proofs of claim;

(3) Any claim, otherwise allowed under § 502(h), held by Campbell County on account of the taxes due in January 2017 has been discharged;

(4) The Final Decree (Case No. 17-30561, ECF No. 9) is binding on and enforceable against all parties; and

(5) All other relief is denied.

SIGNED 01/21/2021

						_____
						Marvin Isgur
						United States Bankruptcy Judge